IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH HOUCK,

    Plaintiff,

vs.

USA, WARDEN TRUE, OFFICER
WOOLRIDGE and JOHN DOE 1 Lieutenant,

    Defendants.

Case No. 16-cv-1268-JPG-SCW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 83) of Magistrate Judge Stephen C. Williams recommending that the Court grant the motion for summary judgment filed by defendants United States of America, Warden True and Officer Woolridge (Doc. 66) and deny plaintiff Kenneth Houck's "Motion to Quash Summary Judgment" (Doc. 77), which is really a response to the defendants' motion. Magistrate Judge Williams recommends the Court dismiss Warden True (in his official capacity) from this case because he remains in the case only to respond to discovery to identify the unknown defendants, and the only remaining unknown defendant has already been identified as Woolridge. Plaintiff Kenneth Houck has objected to the Report (Doc. 86).

**I.      Report Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II.     Report

In his Amended Complaint, Houck claims in Count 1 that Woolridge failed to protect him from a November 5, 2015, assault by his cellmate Jeffrey Thomas in violation of the Eighth Amendment. He alleges that he told Woolridge multiple times that he was being threatened by Thomas and another inmate, the occupants of a cell he was scheduled to move into. He claims Woolridge did nothing, then Thomas assaulted him when he entered the cell, forcing him to defend himself with physical force. Houck was found guilty of fighting and lost good time credit as a result. In Count 2, Houck sues under the Federal Tort Claims Act ("FTCA") asserting that officials at the United States Penitentiary at Marion, Illinois negligently failed to preserve exculpatory videotape evidence that would have assisted him in prevailing on Count 1 of this lawsuit.

In the Report, Magistrate Judge Williams finds that Count 1 is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). That case held that a convicted criminal cannot not bring a § 1983 civil suit questioning the validity of his conviction until the conviction is overturned. *Id.* at 486-87; *DeWalt v. Carter,* 224 F.3d 607, 614-15 (7th Cir. 2000). In *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), the Supreme Court extended *Heck* to § 1983 suits for damages from prison disciplinary decisions that result in the loss of good time credits. *DeWalt*, 224 F.3d at 615. Magistrate Judge Williams notes that Houck lost good time credits from the prison disciplinary decision on his fighting charge and that the decision has not been overturned. He further finds that a victory on Count 1 would necessarily invalidate that disciplinary decision because the disciplinary hearing officer ("DHO") found that Thomas did not assault Houck, and a finding in this case that Thomas assaulted Houck would contradict the disciplinary finding. Magistrate Judge Williams further finds that Houck has conceded he cannot prove his FTCA claim in Count 2.

2

**III. Analysis**

    A.    <u>Count 1</u>

Because Houck objects to the recommended disposition of Court 1, the Court considers that matter *de novo*. Houck does not dispute that Magistrate Judge Williams's statement of the *Heck* rule is accurate, and the Court agrees with it. Instead, he argues that a finding that Woolridge was deliberately indifferent to the danger of attack Houck faced would not necessarily invalidate his disciplinary conviction for fighting since it is possible that an attack from Thomas instigated the fight. In other words, Houck could have been found guilty of fighting for defending himself from an initial attack he believes Woolridge failed to prevent.

In determining whether a claim is barred by *Heck*, the Court must compare the factual basis for the lawsuit with the essential facts supporting the disciplinary decision to see whether they are inconsistent with each other. *Viramontes v. City of Chi.*, 840 F.3d 423, 428 (7th Cir. 2016) (citing *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014)). If the factual basis of the claim and the disciplinary decision are contradictory, the lawsuit must be dismissed as long as the disciplinary decision remains in place. *See Viramontes*, 840 F.3d at 428. This is why, for example, someone convicted of resisting arrest may still be able to sue for excessive force during or after that arrest. *See Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010).

    Houck's objection has no merit. The DHO explained her decision:

> In deciding this case, the DHO considered your defense that inmates Fletcher and Thomas told the Lieutenant they wouldn't let you move into the cell. You further state you didn't want to get in a fight but had to defend yourself after staff did nothing. However, the DHO was not convinced of your innocence. The DHO noted that your written statement to the [Unit Discipline Committee] stated you tried to get the officer to notify the Lieutenant of the situation but he wouldn't and then to the DHO you stated the Lieutenant was aware of the situation and did nothing. You[r] conflicting statements diminished your credibility. In addition, in the original incident report written by Officer Woolridge it is noted that inmate Fletcher was explaining to him that inmate [Thomas] would not let you move into the cell and inmate Fletcher is the one who notified the officer the fight was taking place at that moment. There is no evidence to support that inmate Fletcher

> was threatening you as it appears he was trying to remedy the situation the proper way. This again diminished your defense. Therefore, the DHO based the decision on the greater weight of the evidence. Greater weight of the evidence was given to the re-write [of the disciplinary report] as it was based on medical assessments and video evidence. *Greater weight supports that this was not assault but rather an unauthorized physical altercation*.

DHO Report (emphasis added) (Doc. 66-7). Ultimately, the DHO found that Thomas did not assault Houck but that Houck actively participated in a physical altercation with Thomas. This led to her decision that Houck warranted discipline for fighting.

To prove his cause of action in this case, Houck must prove that Woolridge was aware Thomas posed a danger to Houck, that he was deliberately indifferent to that danger, and *that Thomas ultimately assaulted Houck*. Because the third finding—that Thomas assaulted Houck—directly contradicts the DHO's finding that Thomas did not assault Houck, *Heck* bars Houck's failure to protect claim. Had Houck grieved the disciplinary decision through the administrative remedy process or sought *habeas* relief, and had the disciplinary decision been overturned, he would have been able to proceed. However, while the disciplinary decision stands, Houck cannot sue for failure to protect.

In his objection, Houck further suggests the disciplinary proceedings did not comport with due process requirements. Any such claim would be also be barred by *Heck* because any judgment from this Court finding that the disciplinary proceedings were unconstitutional would necessarily imply the invalidity of the disciplinary decision resulting from that proceeding. *Heck* will not allow that result.

For these reasons, the Court will grant summary judgment for Woolridge on the failure to protect claim in Count 1.

B.    <u>Count 2</u>

As for Count 2, Houck indicated in his "Motion to Quash Summary Judgment" (Doc. 77) that he wished to withdraw his FTCA claim. Magistrate Judge Williams was correct to accede

to that request.

Additionally, the Court agrees with Magistrate Judge Williams that Houck cannot prevail on Count 2. One of the elements of a negligent spoliation of evidence claim is that the loss of evidence *caused* the plaintiff to lose an underlying lawsuit. *Martin v. Keeley & Sons, Inc.*, 979 N.E.2d 22, 27 (Ill. 2012). Houck claims the loss or destruction of videotapes caused (or will cause) him to lose his failure to protect claim in Count 1. However, Houck cannot prevail in Count 1 because it is barred by *Heck*, not because of any lost or destroyed evidence.

For these reasons, the Court will grant summary judgment for the United States on the FTCA claim in Count 2.

    C.    <u>Motion to Quash</u>

Houck objects that Magistrate Judge Williams considered his "Motion to Quash Summary Judgment" (Doc. 77) not as an independent motion but as a response to the defendants' motion for summary judgment. Magistrate Judge Williams was correct. The substance of the motion does not justify quashing anything but does present arguments in opposition to summary judgment.

    D.    <u>Other Parts of the Report</u>

As for the remaining portions of the Report to which Houck makes no specific objection, the Court has reviewed them for clear error and finds none.

**IV.    Conclusion**

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 83);

- **GRANTS** the defendants' motion for summary judgment on Counts 1 and 2 (Doc. 66);

- **DISMISSES** Warden True **without prejudice**;

- **DENIES** Houck's motion to quash (Doc. 77) and construes it instead as a response to the

defendants' summary judgment motion;

- **DENIES as moot** the defendants' motion to dismiss for lack of prosecution (Doc. 80); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED**.
**DATED: September 25, 2018**

                                         s/ J. Phil Gilbert
                                         **J PHIL GILBERT**
                                         **United States District Judge**